UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT WHEELER AND JO-ANNA        :
RODRIGUEZ-WHEELER,
                                                                   :
                              Plaintiffs,
                                                                   :
              -against-                                                      **MEMORANDUM AND ORDER**
                                                                   :
CITIGROUP, CITIBANK, CITIMORTGAGE         11 Civ. 4721 (DAB)(KNF)
AND CITIFINANCIAL, MORTGAGE       :
ELECTRONIC REGISTRATION SYSTEMS,
MERSCORP,                                                  :

                              Defendants.       :
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## BACKGROUND

On March 23, 2012, the defendants served the plaintiffs with: (1) interrogatories on behalf of Citigroup, Citibank, Citimortgage and Citifinancial (collectively "Citi"), containing 12 questions; (2) interrogatories on behalf of Mortgage Electronic Registration Systems and MERSCORP (collectively "MERS"), containing 11 questions; and (3) document demands on behalf of all defendants, containing 28 requests. On May 9, 2012, the defendants requested a conference pursuant to Local Civil Rule 37.2 of this court, asserting that: (a) the plaintiffs "provided no responses [to Citi's interrogatories] other than to reproduce portions of the Second Amended Complaint; (b) the plaintiffs' responses to MERS's interrogatories "amounted to little more than recitations to various documents without actually responding to the interrogatories themselves"; and (c) the plaintiffs failed to produce any documents in response to the defendants' document demands. On May 22, 2012, the Court held a telephonic conference with the parties to address the issues raised by the defendants. As a result of the conference, on May

23, 2012, the Court ordered the plaintiffs to supplement their responses to the defendants' discovery demands on or before May 29, 2012, and directed the defendants to file their motion to compel, thereafter, if necessary. On June 1, 2012, the Court granted the plaintiffs' motion for leave to file their third-amended complaint. On June 11, 2012, the defendants answered, counterclaimed and served the plaintiffs with supplemental interrogatories, consisting of 11 questions and document demands, consisting of 16 requests. On June 25, 2012, the Court directed the plaintiffs to disclose to the defendants the December 2011 "Settlement Agreement and Release" between the plaintiffs and Travco Insurance Company, because it is relevant to the defendants' counterclaim.

Before the Court is the defendants' motion, pursuant to Rule 37 of the Federal Rules of Civil Procedure, for an order "precluding the Plaintiffs from offering any evidence at trial," or "compelling the Plaintiffs to produce all outstanding discovery in compliance with the Court's Order of May 23, 2012 and extending the time to complete discovery and to file and serve dispositive motions an extra 30 days each," as well as awarding costs and attorney's fees. The plaintiffs oppose the motion.

***Defendants' Contentions***

The defendants contend that the plaintiffs failed to comply with their discovery obligations and the May 23, 2012 order. According to the defendants, the plaintiffs failed to produce any information "regarding the homeowners insurance policy required by the Mortgage, several checks Plaintiffs received from the carrier regarding claims filed against the policy, and authorizations from Plaintiffs to obtain the related claims file." Additionally, the defendants assert they did not receive clarification from the plaintiffs regarding "which statute(s) Plaintiffs alleged Defendants violated, noting that the citation made by Plaintiffs did not exist," and the

plaintiffs did not identify documents that support their contentions that the defendants "failed to 'join' the note and mortgage at origination, that their particular mortgage was part of a securitized debt instrument, and that their mortgage entered a pool of mortgages as alleged in their Second Amended Complaint." The defendants contend that, with respect to several interrogatories, the plaintiffs responded with "a plethora of assertions as to the general practices of MERS and the mortgage industry."

The defendants maintain that the plaintiffs also failed to comply with the Court's May 23, 2012 order because their belated supplemental discovery responses "either repeat what Plaintiffs already served upon Defendants or do not respond to the requests made for documents and information raised in Defendants' First Interrogatories, the May 9, 2012 correspondence to the Court, or the Supplemental Interrogatories served on June 11, 2012." Moreover, although the plaintiffs produced the December 2011 Settlement Agreement and Release, as directed by the June 25, 2012 order, they failed to produce information requested in the first set of interrogatories about the payments made to the plaintiffs by the Travco Insurance Company in connection with nine claims filed by the plaintiffs between April 2007 and April 2011, as identified in the December 2011 Settlement Agreement and Release. The defendants contend that, inasmuch as they are loss payees "on the subject policy and the monies that Plaintiffs recovered from the homeowners insurance policy were not used to repair the home as required by the Mortgage," the plaintiffs should be compelled to disclose the information requested, since it is relevant. The defendants also contend that the plaintiffs' supplemental responses did not identify the statute they allege MERS violated; instead the plaintiffs reproduced parts of their allegations from the complaint, "without a shred of specific information as to how alleged violations affected Plaintiffs directly." Similarly, the plaintiffs failed to provide any specific

responses to Citi's Interrogatory Nos. 7, 9, 11 and 12, and failed to respond to the supplemental interrogatories, related to the new claims in the third-amended complaint, "which call for any and all evidence to support the six new counts of claims raised in this pleading." According to the defendants, the plaintiffs' "out of scope" objections to supplemental interrogatories, as well as their "asked and answered" responses, are misplaced because the supplemental interrogatories are relevant to the plaintiffs' claim that the defendants trespassed and burglarized their home and, since the supplemental interrogatories were served after the third-amended complaint was filed and relate to the new claims, they could not have been "asked and answered" because "[i]t is impossible for Defendants to have requested additional evidence regarding claims that had not yet been pleaded by Plaintiffs."

*Plaintiffs' Contentions*

The plaintiffs contend that, on "April 13, 2012, in an effort to provide the specificity and additional supporting documentation that was requested in the Defendants' First Interrogatories and Discovery Demands, [they] served the Third Amended Complaint on Defendants with 26 additional documents, chosen specifically by first time pro se Plaintiffs to survive a motion to dismiss." According to the plaintiffs, subsequently, they provided their answers to the first interrogatories and discovery demands. The plaintiffs maintain that the defendants' supplemental interrogatories requested "evidence that was either provided in the Third Amended Complaint or previously objected to as being out of scope." The plaintiffs contend that they responded to all outstanding discovery demands, and that: (a) seven requests "are out of scope and have to do with activities that assume Defendants have standing with respect to a Mortgage"; (b) eight requests "are out of scope and have to do with where the Plaintiffs have lived or their personal and business finances since their home was destroyed"; (c) twelve of the

4

requests "are out of scope and have to do with a private home owners insurance policy that plaintiffs had with Travco and are subject to a non-disclosure agreement"; (d) two requests "are out of scope and have to do with private work product on the case"; (e) ten requests "are general in nature" and have been produced; (f) "[t]he remaining requests have to do with the specifics of the Third Amended Complaint" and "have been asked and answered more than once."

## DISCUSSION

*Legal Standard*

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "[T]he scope of discovery under Fed. R. Civ. P. 26(b) is very broad, 'encompass[ing] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" Maresco v. Evans Chemetics, 964 F.2d 106, 114 (2d Cir. 1992) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389 (1978)).

"If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue . . . just orders," including "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence" or "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A). "Instead of or in addition to the orders [pursuant to Fed. R. Civ. P. 37(b)(2)(A)], the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a

trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

> Upon any motion or application involving discovery or disclosure requests or responses under Fed. R. Civ. P. 37, the moving party shall specify and quote or set forth verbatim in the motion papers each discovery request and response to which the motion or application is addressed. The motion or application shall also set forth the grounds upon which the moving party is entitled to prevail as to each request or response.

Local Civil Rule 37.1

"Although pro se litigants should be afforded latitude, they 'generally are required to inform themselves regarding procedural rules and to comply with them.'" LoSacco v. City of Middletown, 71 F.3d 88, 92 (2d Cir. 1995) (internal citation omitted). "'[A]ll litigants, including pro ses, have an obligation to comply with court orders,' and failure to comply may result in sanctions, including dismissal with prejudice." Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302 (2d Cir. 2009) (internal quotation omitted). "However, dismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds 'wilfulness, bad faith, or any fault' on the part of the [disobedient party]." Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir. 1990) (internal citation omitted). Although pro se litigants "have no right to ignore or violate court orders, they must nonetheless be made aware of the possible consequences of their actions." Id.

***Application of Legal Standard***

    Citi Interrogatories

The plaintiffs answered Citi's interrogatories twice, on April 20 and June 20, 2012. The plaintiffs' June 20, 2012 responses were an attempt by the plaintiffs to comply with the May 23, 2012 order, directing them to supplement their April 20, 2012 responses. In their memorandum of law, the defendants identified the following Citi interrogatories to which the plaintiffs

6

provided deficient responses: (a) No. 1, "Identify all checks received regarding claims made to Traveler's[1] regarding the Property as follows: a. The amount of the check; and b. The payee(s) of the check(s)"; (b) No. 7c, "If the Plaintiffs moved to an address other than the Property, please specify the following:  c. Whether the Plaintiffs purchased or . . . rented the other property and the amount of rent or mortgage payment"; (c) No. 9, "Identify any signage the Plaintiffs ever placed on or around the Property indicating that the Property was for sale?"; (d) No. 11, "At the time that the Plaintiffs sought a modification, were they current on the payments under the Note?"; and (e) No. 12, "Identify the individual acts of each Citi Defendant that you contend support the allegations in the Second Amended Complaint."

The plaintiffs' answer to Citi Interrogatory No. 1, that it is out of scope, was made before the June 25, 2012 order, determining that their December 2011 Settlement Agreement and Release with Travco Insurance Company is relevant and must be produced to the defendants. Thus, the plaintiffs must answer Citi's Interrogatory No. 1, because it is not out of scope.

The defendants take issue with the plaintiffs' response to Citi Interrogatory No. 7c., contending that the plaintiffs "fail to indicate what was purchased, when such purchase(s) took place, the specific amount of the purchase, and copies of sale documents to evidence such transaction(s) taking place." However, Citi's Interrogatory No. 7 did not ask the plaintiffs what was purchased or when, and it is not a proper vehicle to seek "copies of sale documents to evidence such transaction(s) taking place." The plaintiffs' answer that "the amount of rent or mortgage payment" was "over $165,000" is deficient, as it does not specify the amount, which is the specific information requested by the defendants.  Therefore, the plaintiffs are directed to

---

[1] The parties appear to understand that "Traveler's" refers to "Travco Insurance Company."

answer Citi's Interrogatory No. 7c., by providing the exact "amount of [the] rent or mortgage payment," as requested by the defendants.

Although the defendants contend in their memorandum of law that the plaintiffs' answers to Citi's Interrogatory Nos. 9 and 11 are deficient, they provide no details describing the alleged deficiencies. Since the Plaintiffs answered Citi's Interrogatory Nos. 9 and 11, no need exists for the Court to compel the plaintiffs to answer them.

With respect to Citi's Interrogatory No. 12, the defendants contend that the "Plaintiffs describe how their loan was 'digitized' and 'securitized' in order to foreclose, yet the only evidentiary support for such digitization is a fifteen year old magazine article discussing general practices of the MERS system." The defendants do not contend that the plaintiffs failed to answer Citi's Interrogatory No. 12 or that their answer to that interrogatory is deficient. Since the defendants did not identify any deficiencies in the plaintiffs' answer, and Interrogatory No. 12 is not a proper vehicle for providing documents, no need exists for the Court to compel the plaintiffs to answer it.

MERS Interrogatories

The plaintiffs answered MERS's interrogatories twice, on April 20 and June 20, 2012. The plaintiffs' June 20, 2012 responses were an attempt by the plaintiffs to comply with the May 23, 2012 order, directing them to supplement their April 20, 2012 responses. In their memorandum of law, the defendants identified the following MERS interrogatories to which the plaintiffs provided deficient responses: (a) No. 6, requesting the plaintiffs to "identify the statute you allege the MERS Defendants violated"; and (b) No. 7, requesting the plaintiffs to "[i]dentify the damages you allege you have suffered in ¶ 276 of the Second Amended Complaint." With respect to MERS's Interrogatory No. 6, the defendants contend that the plaintiffs "cited 'Article

8

9, Section 321'" of the New York Real Property law, "but fail to explain how this statute applies to the specific facts of this matter." The defendants failed to show that the plaintiffs' response to MERS's Interrogatory No. 6 is deficient because the plaintiffs identified the statute they allege MERS violated, and MERS's Interrogatory No. 6 did not ask the plaintiffs "to explain how this statute applies to the specific facts of this matter." Therefore, the plaintiffs' response to MERS's Interrogatory No. 6 was not deficient.

With respect to MERS's Interrogatory No. 7, the defendants contend that the

> plaintiffs cite how their credit was adversely affected at all three credit bureaus, but do not disclose any details as to whether they obtained a credit report from all three bureaus to make this discovery, whether the bureau consistently produced negative reports over a period of time, and whether redacted copies of such negative reports would be available for review upon Defendants' request to verify this allegation.

However, MERS's Interrogatory No. 7 asked the plaintiffs only to identify the damages suffered, not to specify any details with respect to those damages, or whether evidence "would be available for review upon Defendants' request." Thus, the plaintiffs' response to MERS's Interrogatory No. 7 was not deficient.

<u>March 23, 2012 Document Demands</u>

The plaintiffs failed to produce any documents in response to the defendants' March 23, 2012 document demands. The plaintiffs' responses to the March 23, 2012 document demands included, <u>inter alia</u>, the following: (a) "[o]bjection, out of scope," to demand Nos. 4, 5, 6, 9, 10, 11, 12, 13, 14, 15, 17, 23, and 24; (b) "[a]ll documents will be included in the evidence produced to support the Third Amended Complaint," to demand Nos. 1, 3, 7, 16, 19, and 20; (c) "[t]he exhibits currently anticipated to be produced at trial are included or references by hyperlink in the Third Amended Complaint," to demand No. 2; (d) "no relevance to this action," to demand Nos. 23 and 24; and (e) "[r]eferences included" in certain interrogatories, to demand Nos. 26, 27

9

and 28. Most of the plaintiffs' "out of scope" objections concern the defendants' document requests related to the plaintiffs' insurance policy claims made to the Travco Insurance Company and the payment(s) received from that insurance company in connection with the property at issue. However, the Court determined, in its June 25, 2012 order, that the plaintiffs' December 2011 Settlement Agreement and Release with the Travco Insurance Company is relevant to the defendants' counterclaim and must be produced. Consequently, the following documents: (i) received from and sent to the Travco Insurance Company regarding the plaintiffs' insurance policy claims referenced in the December 2011 Settlement Agreement and Release, document demand No. 4; (ii) copies of the checks paid on the plaintiffs' claims to the Travco Insurance Company in connection with the December 2011 Settlement Agreement and Release, document demand No. 5; and (iii) receipts for items paid for with monies received from Travco Insurance Company for the claims made related to the property at issue, document demand No. 6, are not out of scope because they are relevant; therefore, they must be produced. Moreover, it is improper to respond to a document demand with a statement that "documents will be included in the evidence produced to support the Third Amended Complaint," because relevant nonprivileged documents must be disclosed. See Fed. R. Civ. P. 26(b)(1). Accordingly, the plaintiffs must produce documents sought through the defendants' March 23, 2012 document demands, except that the plaintiffs need not respond to the following March 23, 2012 demand for documents: (a) Nos. 21 and 22, because those items do not demand documents; (b) No. 23,[2]

---

[2] Document demand No. 23 seeks: "All pleadings, filings and papers filed or served in any venue, court, tribunal or administrative body from any action related to the Property or any of the Parties in this action."

because it is overly broad; and (c) No. 24,[3] because it is vague and overly broad.

### June 11, 2012 Supplemental Interrogatories

The defendants contend that "Plaintiffs refuse to respond" to their June 11, 2012 supplemental interrogatories, "citing in their Answer to this Motion that they have been 'asked and answered' previously." The June 11, 2012 supplemental interrogatories relate to the new claims asserted in the plaintiffs' third-amended complaint and were not asked or answered prior to June 11, 2012. Accordingly, the plaintiffs must respond to the defendants' June 11, 2012 supplemental interrogatories.

### June 11, 2012 Document Demands

The defendants maintain that, "[w]hile Plaintiffs served Defendants with a compact disc, the documents contained within either repeat what Plaintiffs already served upon Defendants or do not respond to the requests made for documents." They contend that "Plaintiffs should be required to respond to Defendants' demands for all insurance-related documents as previously requested, including any payments to Plaintiffs . . . and receipts for items paid for with monies received from Travco." Moreover, they "should be compelled to produce copies of the checks for payments of the claims with Travco as well as letters of authorization to allow Defendants access to review the files of the claims referenced on the first page of the Settlement Agreement."

The defendants' June 11, 2012 document demands contain 16 requests, yet the defendants failed to specify in their motion papers any specific document demand to which the plaintiffs failed to respond, or in connection with which the plaintiffs' response was deficient, or

---

[3] Document demand No. 24 seeks: "All documents relating to the listing of the Property for sale (for example, broker agreements, listing agreements, newspaper advertisements)."

11

"the grounds upon which the moving party is entitled to prevail as to each request or response," as required by Local Civil Rule 37.1 of this court. Due to this failure, it is not possible for the Court to assess whether the plaintiffs' responses, if any, were deficient. Accordingly, no need exists for the Court to compel the plaintiffs to produce any documents in connection with the defendants' June 11, 2012 document demands.

For the foregoing reasons, the Court finds that the plaintiffs did not fail to comply with the May 23, 2012 order because they provided supplemental discovery responses, as they were directed to do by that order. Although some of the plaintiffs' supplemental responses may have been deficient, those deficiencies were likely due to the fact that the plaintiffs are proceeding pro se and did not understand fully the nature and extent of their discovery obligations. Additionally, the Court finds that ordering the plaintiffs to pay the reasonable expenses, including attorney's fees incurred by the defendants in making this motion, is not warranted in this circumstance, because the deficiencies in the plaintiffs' discovery responses resulting from the May 23, 2012 order are substantially justified. The plaintiffs cannot be sanctioned for failing to produce their December 2011 Settlement Agreement and Release with Travco Insurance Company or documents related to it, since the Court's determination that the December 2011 agreement was relevant and must be produced did not occur until after the plaintiffs supplemented their discovery responses pursuant to the Court's May 23, 2012 order. The deficiencies in the plaintiffs' responses to the defendants' discovery demands will be rectified by the instant order, which provides guidance to the plaintiffs regarding what they must produce to the defendants and why, as explained above. However, the plaintiffs are cautioned that, notwithstanding their pro se status, they have an obligation to familiarize themselves with the rules and procedures and to obey court orders, because any failure to do so may result in

sanctions, including dismissal of the action.  <u>See</u> <u>Agiwal</u>, 555 F.3d at 302.

## CONCLUSION

For the foregoing reasons, the defendants' motion for alternative relief pursuant to Rule 37 of the Federal Rules of Civil Procedure, Docket Entry No. 46, is granted, in part, and denied, in part.  On or before July 30, 2012, the plaintiffs are directed to respond fully to the following discovery demands by the defendants:

(A) Citi's Interrogatory Nos. 1 and 7c.;

(B) the March 23, 2012 document demands, except document demand Nos. 21, 22, 23 and 24; and

(C) the June 11, 2012 supplemental interrogatories.

Dated:  New York, New York  
       July 19, 2012

SO ORDERED:

*Kevin Nathaniel Fox*  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE

Copies mailed to:

Robert Wheeler  
Jo-Anna Rodriguez-Wheeler